T.C. Memo. 2012-223

UNITED STATES TAX COURT

LEON SOLOMON VERRETT III AND CHARLOTTE I. VERRETT, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21079-10.                    Filed August 2, 2012.

Leon Solomon Verrett III and Charlotte I. Verrett, pro sese.

<u>Olivia J. Hyatt</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined deficiencies in petitioners'
Federal income tax of $6,636, $8,518 and $5,354 for 2006, 2007 and 2008,
respectively (years at issue).[1]  Respondent disallowed, among other things,
petitioners' claimed deductions for expenses arising from a construction activity

_____

[1]Dollar amounts are rounded to the nearest dollar.

[*2] (construction activity) Leon Solomon Verrett III (petitioner) conducted.

Respondent also determined petitioners liable for the accuracy-related penalty under

section 6662(a) for the years at issue.[2]

After concessions by petitioners,[3] only two issues for decision remain. The

primary issue is whether petitioner's construction activity was for profit during the

years at issue. We hold that it was not. We are also asked to decide whether

petitioners are liable for the accuracy-related penalty under section 6662(a) for the

years at issue. We hold that they are.

FINDINGS OF FACT

The parties have stipulated some facts. We incorporate the stipulation of

facts and the accompanying exhibits by this reference. Petitioners resided in North

Carolina when they filed the petition.

Mrs. Verrett is a doctor and earned wage income of $125,000, $119,629 and

$122,537 for the years at issue. Petitioner performed construction services under

the moniker "Leon's Not So Odd Jobs" beginning in 1994. The construction

---

[2]All section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]Petitioners concede all adjustments to their income tax for the years at issue, except with respect to deductions from the construction activity claimed on Schedule C, Profit or Loss From Business.

[*3] activity has not generated a profit for any of the 17 years it has operated. Petitioner was employed as a purchasing manager before starting the construction activity.

Petitioner managed his construction activity from a home office. The construction activity had a listing in the local telephone directory. The construction activity did not have a business plan, a dedicated bank account or an Internet presence. Petitioner did not use computer software to track finances although he had done so as a purchasing manager.

Petitioner was not licensed as a general contractor. The construction activity consequently generated limited income without the license because petitioner could not lawfully undertake larger construction jobs. Petitioner owned a tractor, four trailers, various power tools and other machinery that he used in his construction activity.

Petitioner charged lower rates than did other local contractors. Petitioner did not follow the industry practice of applying a 20% overhead charge to the cost of materials. Rather, petitioner directed his clients to purchase the materials from a home improvement store.

Most of petitioner's construction services during the years at issue involved uncompensated projects for his family and his church. Petitioner renovated his

[*4] own home and restored his mother-in-law's home after it suffered water damage. Petitioner was the volunteer director of a $1.6 million construction project at his church. Petitioner used the same tools and equipment for these endeavors that he used when providing paid construction services.

Petitioners claimed construction activity income of $3,400, $4,000 and $13,395 and expenses of $31,757, $36,152 and $30,174 for the years at issue. Respondent issued petitioners the deficiency notice for the years at issue. Petitioners timely filed a petition.

OPINION

We are asked to decide whether petitioner conducted his construction activity for profit within the meaning of section 183 when it failed to generate a profit during any of the years at issue or any of the other 14 years he conducted the activity. We are also asked to decide whether petitioners are liable for the accuracy-related penalty. We address each of these issues in turn.

I. Section 183 Analysis

Whether a taxpayer may deduct expenses related to an activity depends on whether it is carried on for profit. Secs. 162, 212. A taxpayer generally may not deduct losses attributable to an activity unless that activity is engaged in for profit. Sec. 183(a). An activity is engaged in for profit if the taxpayer has an actual,

[*5] honest profit objective, even if it is unreasonable or unrealistic. Sec. 1.183-2(a), Income Tax Regs.

Petitioner bears the burden of proving by a preponderance of the evidence that he was engaged in the construction activity for profit. See Rule 142(a). The decision in this case is appealable to the United States Court of Appeals for the Fourth Circuit, absent stipulation to the contrary, so we apply that law. See Golsen v. Commissioner, 54 T.C. 742 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971). We examine whether the taxpayer engaged in the activity with the actual and honest objective of making a profit. See Hendricks v. Commissioner, T.C. Memo. 1993-396, aff'd, 32 F.3d 94 (4th Cir. 1994).

This Court considers whether an activity is engaged in for profit on a case-by-case basis, taking into account all the facts and circumstances involved. See Golanty v. Commissioner, 72 T.C. 411, 426 (1979), aff'd without published opinion, 647 F.2d 170 (9th Cir. 1981). The taxpayer's expectation of profit need not be reasonable but it must be bona fide. See Keanini v. Commissioner, 94 T.C. 41, 46 (1990); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), aff'd without opinion, 702 F.2d 1205 (D.C. Cir. 1983); Golanty v. Commissioner, 72 T.C. at 425-426; sec. 1.183-2(a), Income Tax Regs. Greater weight is given to objective facts rather than to the taxpayer's statement of intent. See Indep. Elec. Supply,

**[\*6]** Inc. v. Commissioner, 781 F.2d 724, 726-727 (9th Cir. 1986), aff'g Lahr v. Commissioner, T.C. Memo. 1984-472; Engdahl v. Commissioner, 72 T.C. 659, 666 (1979); sec. 1.183-2(a) and (b), Income Tax Regs.

We structure our analysis of whether an activity is engaged in for profit around nine nonexclusive factors. Sec. 1.183-2(b), Income Tax Regs. The nine factors are: (1) the manner in which the taxpayer carried on the activity, (2) the expertise of the taxpayer or his or her advisers, (3) the time and effort expended by the taxpayer in carrying on the activity, (4) the expectation that the assets used in the activity may appreciate in value, (5) the success of the taxpayer in carrying on other similar or dissimilar activities, (6) the taxpayer's history of income or loss with respect to the activity, (7) the amount of occasional profits, if any, which are earned, (8) the financial status of the taxpayer, and (9) whether elements of personal pleasure or recreation are involved. Id.

No factor or set of factors is controlling, nor is the existence of a majority of factors favoring or disfavoring a profit objective controlling. Keating v. Commissioner, 544 F.3d 900, 904 (8th Cir. 2008), aff'g T.C. Memo. 2007-309; Hendricks v. Commissioner, 32 F.3d at 98; Golanty v. Commissioner, 72 T.C. at 426-427; sec. 1.183-2(b), Income Tax Regs. Moreover, certain factors may be given more weight than others because they are more meaningfully applied to the

[*7] facts. See Vitale v. Commissioner, T.C. Memo. 1999-131, aff'd without published opinion, 217 F.3d 843 (4th Cir. 2000). All nine factors do not necessarily apply in every case. See Green v. Commissioner, T.C. Memo. 1989-436; see also Akelis v. Commissioner, T.C. Memo. 1989-182.

### A.  Manner in Which the Taxpayer Conducts the Activity

We begin with the first factor by considering whether petitioner carried on the construction activity in a businesslike manner. See sec. 1.183-2(b)(1), Income Tax Regs. An activity is operated in a businesslike manner when, among other things, the organizer had a business plan, advertised the services, maintained complete records and instituted changes in an effort to earn a profit. See Engdahl v. Commissioner, 72 T.C. at 666-667; Rinehart v. Commissioner, T.C. Memo. 2002-9; sec. 1.183-2(b)(1), Income Tax Regs.

Petitioner did not develop a business plan nor maintain a dedicated bank account for the construction activity. See Keating v. Commissioner, T.C. Memo. 2007-309. His marketing efforts were limited to placing a listing in the telephone directory. The construction activity did not have a Web site. Petitioner did not maintain complete and accurate records.

Petitioner also charged a significantly lower rate than did competing services. He acknowledged that he needed to increase his prices to make a profit.

**[*8]** Further, he rejected the industry practice of charging 20% overhead on materials.  Most of the construction activity was devoted to charitable and unpaid personal projects.  This is inconsistent with a venture motivated by profit.

Finally, petitioner understood that the construction activity's income would be limited unless he became a licensed general contractor.  He never did so.  He suggests that the costs associated with the license were prohibitive.  There is no indication, however, that petitioner attempted to finance his costs for the license.  His claimed inability to afford the license is inconsistent with his accumulation of substantial tools and machinery.

We find that petitioner did not conduct the construction activity in a businesslike manner.  This factor weighs in favor of respondent.

B.  The Expertise of the Taxpayers or Advisers

The second factor is whether petitioner developed his own expertise and sought guidance from industry experts.  See sec. 1.183-2(b)(2), Income Tax Regs.  Petitioner acknowledged his practices made the construction activity consistently unprofitable.  He testified that he came from a family of construction workers, yet nothing in the record established his relatives were experts or that he consulted with them.  We find that petitioner did not demonstrate any business expertise or consult with any experts.  This factor weighs against petitioner.

**[*9]** C.  The Taxpayer's Time and Effort

The third factor focuses on the time and effort the taxpayer expended in carrying on the activity.  Sec. 1.183- 2(b)(3), Income Tax Regs.  Petitioner spent significant time on his construction activity during the years at issue.  Respondent emphasizes, however, and we agree, that petitioner devoted most of his time to projects for his church or his family.  The construction activity therefore had a substantial personal aspect.  See id.  We note that during the years at issue petitioner's paid projects generated only $20,795 of income while the construction activity resulted in net losses of $63,835.  Accordingly, we find this factor favors respondent.

D.  Expectation That Property Used in the Activity May Appreciate

Fourth, we weigh petitioner's expectation that the assets used in the construction activity may appreciate.  See sec. 1.183-2(b)(4), Income Tax Regs.  The construction activity did not have any appreciating assets.  Rather, all of the assets were depreciable.  This factor favors respondent.

E.  Taxpayer's Success in Other Similar Activities

A taxpayer's previous success in similar activities may show that the taxpayer has a profit objective even though the current activity is presently unprofitable.  See sec. 1.183-2(b)(5), Income Tax Regs.  A taxpayer's success in

[*10] other, unrelated activities also may indicate a profit objective. See Daugherty v. Commissioner, T.C. Memo. 1983-188. Petitioner was a skilled tradesman. Petitioner did not have any experience, however, operating a construction company. Nor did petitioner apply transferable skills from his past professional experience to the construction activity. We find that petitioner did not have previous experience operating a similar venture. This factor also favors respondent.

F. History of Income or Losses

The sixth factor is the taxpayer's history of income or losses with respect to the activity. See sec. 1.183-2(b)(6), Income Tax Regs. Petitioner acknowledges that the construction activity was never profitable. Neither petitioner's pricing nor his decision to disregard the general contractor's license constitute an unforeseen circumstance outside of his control. See id. Nor can the years at issue be reasonably characterized as the construction activity's startup stage. See id. This factor weighs against petitioner.

G. Amount of Occasional Profits

The seventh factor is whether the activity generated any occasional profits. See sec. 1.183-2(b)(7), Income Tax Regs. The construction activity never generated any profits. This factor also weighs against petitioner.

**[\*11]** H. <u>Financial Status of the Taxpayer</u>

Respondent argues that the eighth factor, the financial status of the taxpayer, negates petitioner's profit motive. <u>See</u> sec. 1.183-2(b)(8), Income Tax Regs. He asserts that the construction activity losses benefited the couple by offsetting Mrs. Verrett's substantial wage income from her medical practice. We agree. This factor favors respondent.

I. <u>Elements of Personal Pleasure</u>

The last factor looks to elements of personal pleasure or recreation. <u>See</u> sec. 1.183-2(b)(9), Income Tax Regs. Petitioner enjoyed the activity and derived personal satisfaction from helping his church, the community and his family. We note, however, that petitioner's enjoyment of the construction activity is not sufficient to cause the activity to be classified as a hobby if other factors indicate that he engaged in it for profit. <u>See</u> <u>id.</u> This factor favors respondent.

J. <u>Sum of the Factors</u>

After considering all the facts and circumstances, we find that petitioner has not shown that he engaged in the construction activity for profit. We recognize that petitioner was an able craftsman. His desire to be a contributing member of his community is admirable. Petitioner's decisions regarding pricing, the general contractor's license and unpaid projects, however, show that he was not primarily

**[\*12]** motivated by profit.  It is significant that the construction activity has never generated a profit.  A for-profit enterprise would not repeatedly and consistently generate losses without changing its practices.  Nor can we ignore that the losses offset Mrs. Verrett's wage income.  We conclude that, during the years at issue, petitioner did not engage in the construction activity with the dominant objective and intent of realizing a profit, and petitioners are not entitled to the expense deductions claimed to the extent they exceed the gross income from the construction activity.

## II.  Accuracy-Related Penalty

We now turn to respondent's determination that petitioners are liable for an accuracy-related penalty under section 6662(a) for each year at issue.  A taxpayer is liable for an accuracy-related penalty on any part of an underpayment attributable to, among other things, negligence or a substantial understatement of income tax.  Sec. 6662(b)(1) and (2).  The Commissioner has the burden of production and must come forward with sufficient evidence that it is appropriate to impose a penalty.  Sec. 7491(c); see Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  The taxpayer bears the burden of proof as to any defense to the accuracy-related penalty.  Sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446.

**[\*13]** Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Code or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return that would seem to a reasonable and prudent person to be "too good to be true" under the circumstances. Sec. 1.6662-3(b)(1)(ii), Income Tax Regs. There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10% of the tax required to be shown on the return or $5,000. Sec. 6662(a), (b)(2), (d)(1)(A); sec. 1.6662-4(a), Income Tax Regs.

Petitioners conceded almost all of the adjustments set forth in the deficiency notice. The record does not support the conclusion that the construction activity was for profit. There is nothing in the record to show that petitioners made a reasonable attempt to comply with the Code. Further, petitioners' concessions and the Court's decision result in a substantial understatement of income tax for each of the years at issue. See Higbee v. Commissioner, 116 T.C. at 446; Jarman v. Commissioner, T.C. Memo. 2010-285. Respondent has met his burden of production.

**[\*14]** A taxpayer is not liable for an accuracy-related penalty, however, if the taxpayer acted with reasonable cause and in good faith with respect to any portion of the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability, the knowledge, experience and education of the taxpayer, and the reliance on the advice of a professional. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners have not demonstrated that they acted with reasonable cause. Petitioners have not provided any evidence that the conceded deductions were made in good faith or with reasonable cause. Nor have petitioners shown reasonable cause for claiming deductions for the construction activity losses.

We find under the relevant facts and circumstances that petitioners did not act with reasonable cause and in good faith with respect to the years at issue. We therefore hold petitioners liable for the accuracy-related penalty under section 6662(a) for the years at issue.

**[\*15]**  We have considered all arguments made in reaching our decision and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.